**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE LUIS MORALES, | ) | No. C 05-3589 PJH (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | (Doc 3) |
| RICHARD KIRKLAND, | ) | |
| Defendants. | ) | |

Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

///

///

B.     <u>Legal Claims</u>

Allegations that a prisoner was deprived of property, whether negligently or deliberately, are not sufficient to state a claim under section under § 1983 if the deprivation was random and unauthorized, as opposed to pursuant to a policy.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), <u>overruled in part on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986); <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process.  <u>King v. Massarweh</u>, 782 F.2d 825, 826 (9th Cir. 1986).  California law provides an adequate post-deprivation remedy for any property deprivations.  <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994).  Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property.  <u>Taylor v. Knapp</u>, 871 F.2d 803, 806 (9th Cir. 1989).

Plaintiff contends that his television was made inoperable when prison employees attempted to remove the internal speaker, which prison regulations evidently do not allow.  The prison offered to replace the television with another, but plaintiff declined the offer, apparently because the prison was unwilling to guarantee how long it would work.  Plaintiff has since purchased a new television.

Plaintiff's assertion that the prison deprived him of his television set is an allegation of a random and unauthorized deprivation of property of the sort not cognizable under § 1983.  Because it is obvious that the institution does not have a policy of rendering prisoners' televison sets inoperable, which would be the only circumstance under which plaintiff could avoid the <u>Parratt</u> rule, it would be futile to allow plaintiff to amend.  The case therefore will be dismissed with prejudice.

///

2

**CONCLUSION**

For the reasons set out above, this case is DISMISSED with prejudice. Plaintiff's implied motion to proceed in forma pauperis (doc 3) is DENIED. No fee is due. The clerk shall close the file.

IT IS SO ORDERED.


DATED:  September 21, 2005.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\MORALES589.DIS

3